UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CIBC BANK USA, | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Case No. 5:18-cv-00462-OLG |
| | § | |
| ISI SECURITY GROUP, INC., DETENTION | § | |
| CONTRACTING GROUP, LTD., ISI | § | |
| DETENTION CONTRACTING GROUP, | § | |
| INC. (a Texas corporation), ISI DETENTION | § | |
| CONTRACTING GROUP, INC. (a California | § | |
| corporation), ISI DETENTION | § | |
| CONTRACTING GROUP, INC. (a New | § | |
| Mexico corporation), ISI DETENTION | § | |
| SYSTEMS, INC., ISI SYSTEMS, LTD., | § | |
| METROPLEX CONTROL SYSTEMS, INC., | § | |
| ISI CONTROLS, LTD., METROPLEX | § | |
| COMMERCIAL FIRE AND SECURITY | § | |
| ALARMS, INC., MCFSA, LTD., COM-TEC | § | |
| SECURITY, LLC, COM-TEC CALIFORNIA | § | |
| LIMITED PARTNERSHIP, and ARGYLE | § | |
| SECURITY, INC., | § | |
| Defendants. | | |

| | | |
|---|---|---|
| SCOTT EISENBERG, not individually, | § | |
| but solely as court appointed receiver | § | |
| for ISI Detention Contracting Group, Inc., | § | |
| Movant | § | |
| | § | |
| vs. | § | |
| | § | |
| CLARK CONSTRUCTION GROUP - | § | |
| CALIFORNIA L.P., | § | |
| Respondent. | § | |

**RECEIVER'S EMERGENCY MOTION FOR ORDER DIRECTING CLARK
CONSTRUCTION GROUP – CALIFORNIA L.P. TO TURN OVER RECEIVERSHIP
ASSETS OR, IN THE ALTERNATIVE, DECLARATORY JUDGMENT
AND BRIEF IN SUPPORT**

SCOTT EISENBERG, solely in his capacity as court appointed receiver in the above-referenced case for ISI Detention Contracting Group, Inc. ("ISI Detention"), a California corporation (the "Receiver"), respectfully moves this Court for an order directing Clark Construction Group – California L.P. ("Clark Construction") to turn over to the Receiver certain assets of the receivership or, in the alternative, for declaratory judgment, as described below.

## SUMMARY OF MOTION

1.      At Clark Construction's direction, and pursuant to an agreement with Clark Construction, ISI Detention accelerated work on a project for which it had a subcontract with Clark Construction. Receiver seeks to compel the turnover of $5,715,261 in funds fully earned by ISI Detention that are being held by Clark Construction, an amount which Clark Construction has acknowledged is due. In the alternative, Receiver requests that declaratory judgment be entered holding Clark Construction to be in material breach of its duties under its subcontract with ISI Detention and absolving ISI Detention and its sureties of further obligations under the subcontract.

## PARTIES

2.      The Receiver is an individual and was appointed by way of an order dated May 17, 2018 (the "Receivership Order") [Doc. #5] in the above-captioned action (the "Receivership Proceeding"). A copy of the Receivership Order is attached hereto as Exhibit A and incorporated herein by this reference as if set out in full.

3.      On June 21, 2018, this Court entered its Order Granting Receiver's Unopposed Motion to Reappoint Receiver and to Clarify the Agreed Order Appointing Receiver (the "Reappointment Order") [Doc. # 12]. A copy of the Reappointment Order is attached here to as Exhibit B and incorporated herein by this reference as if set out in full. The Reappointment

Order was entered to allow the Receiver to file additional notices of his appointment in compliance with the 10-day limit imposed by 28 U.S.C. § 754.

4.      Along with ISI Detention, 13 other related companies were named as defendants (collectively, the "Receivership Defendants") and are subject to the Receivership Order.

5.      Clark Construction is a California limited partnership which may be served by way of its agent for service of process, CT Corporation, at 818 W. Seventh Street, Suite 930, Los Angeles, California.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to the Court's assumption of jurisdiction over the Receivership Proceeding, the Receiver's compliance with 28 U.S.C. § 754 and 1692, and the Court's continuing authority to adjudicate the Receiver's claims for the recovery of Receivership Property (as hereinafter defined). Additionally, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

7.      This Court has personal jurisdiction over Clark Construction pursuant to Receiver's compliance with 28 U.S.C. §§ 754 and 1692.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). Further, venue is proper in this Court because through the Receivership Order, this Court assumed exclusive jurisdiction over the Receivership Property and directed the Receiver, as the Court's agent, to take have possession of such assets.

## THE RECEIVER'S AUTHORITY

9.      Among other things, the Receivership Order authorized the Receiver to "to take possession, custody and control of the (Receivership Defendants') business operations, assets, and property of whatever nature ... to include, without limitation, all real and personal property

held in the name of the (Receivership Defendants), all contract rights of the (Receivership Defendants), all legal and equitable claims of the (Receivership Defendants) and all banking, brokerage and depository accounts of the (Receivership Defendants)" (the "Receivership Property"). Receivership Order, ¶ 12.

10.     The Receivership Order further directs all persons having possession, custody or control of Receivership Property to promptly surrender and deliver such property to the Receiver upon the Receiver's request. Receivership Order, ¶ 15.

11.     The Receivership Order also directs all persons or entities obligated to make payments to, or otherwise indebted to, Receivership Defendants, to direct such payments to Receiver. Receivership Order, ¶ 16.

12.     Over June 28 and June 29, 2018, the Receiver filed notices of his appointment and copies of CIBC Bank's Complaint for the Appointment of a Receiver and Request for Expedited Consideration [Doc. # 1], the Receivership Order and the Reappointment Order in each of the four United States District Courts in California.

13.     Clark Construction serves as general contractor retained to construct a correctional facility known as the East County Detention Center in Indio, California (the "Project").

14.     Riverside County, California ("Owner") is the owner of the Project.

15.     Indio and Riverside County are both within the boundaries of the United States District Court for the Central District of California.

16.     Counsel for Clark Construction has been provided with copies of the Receivership Order and the Reappointment Order.

CLARK CONSTRUCTION'S REFUSAL TO TURN OVER RECEIVERSHIP ASSETS

17.     By way of a contract dated May 28, 2015 (the "Contract"), Clark Construction subcontracted with ISI Detention to perform certain work on the Project (the "Work"). A copy of the Contract is attached here to as Exhibit C and incorporated herein by this reference as if set out in full.

18.     Under the Contract, Clark Construction agreed to pay ISI Detention $38,680,521 for completion of the Work.

19.     The Contract also provided for monthly progress payment by Clark Construction to ISI Detention based on the portion of the Work that had been completed.

20.     Under the Contract, ISI Detention was to commence work in May 2016, but due to delays for which ISI Detention bore no responsibility, ISI Detention could not begin its work under the Contract until May 2017.

21.     In June 2017, because the Project was far behind schedule, Clark Construction directed ISI Detention to take specific steps to accelerate work on the Project (the "Schedule Compression Work"), including, but not limited to, adding crews including equipment, small tools and materials, additional management, third-party scheduling consulting and a second shift of workers. Clark Construction promised that ISI Detention would be paid for the additional work performed by its employees and subcontractors.

22.     On June 8, 2017, Jack Johnson ("Johnson"), senior project manager for ISI Detention, transmitted a proposal to Gallivan which called for Clark Construction to an additional $4,381,599 for undertaking the Schedule Compression Work (the "June 8 Proposal"). A copy of the June 8 Proposal is attached hereto as Exhibit D. Among those receiving copies of the June Proposal was ISI Detention chief executive officer Buddy Johns ("Johns").

23.     By way of a letter dated June 22, 2017 and addressed to Jackson, Clark Construction's Senior Vice President Anthony Gallivan ("Gallivan") responded to the June 8 Proposal with a counter-proposal under which Clark Construction would pay ISI Detention an additional $1,734,572 for the Schedule Compression Work (the "June 22 Counter-Proposal"). A copy of the June 22 Counter-Proposal is attached hereto as Exhibit E.

24.     The June 22 Counter Proposal also acknowledged that the need to accelerate work on the project was not caused by any action or inaction by ISI Detention. "We understand that none of this schedule impact has been the responsibility of (ISI Detention) or its subcontractors, and we greatly appreciate the scheduling assistance and recovery plan efforts that you have continued to provide us as we develop our acceleration and recovery plan."

25.     Clark Construction and ISI Detention continued to negotiate a price for the Schedule Compression Work. By way of an email dated July 25, 2017 (the "July 25 Email"), Gallivan acknowledged that Clark Construction and ISI Detention had agreed that ISI Detention would be paid $2,996,244 for the Schedule Compression Work (the "Schedule Compression Payment"). A copy of the July 25 Email is attached here to as Exhibit F and incorporated herein by this reference as if set out in full. Gallivan sent the July 25 Email was sent to Johns and Johnson.

26.     ISI Detention undertook the Schedule Compression Work in June 2017 and completed it by the end of October 2017, thus fully earning the Schedule Compression Payment.

27.     In addition to the original contracted price for the Project and the Schedule Compression Payment, ISI Detention is entitled to extended general condition payments because it had to maintain employees and equipment at the Project during the many months the Project was behind schedule.

28.    Clark Construction and ISI Detention have agreed that ISI Detention is entitled to 27.3 weeks of extended general condition payments for a time period that expired on October 31, 2018 in the sum of $3,219,017 (the "Extension Payment").

29.    Upon information and belief, Clark Construction has certified to Owner that both the Schedule Compression Payment and Extension Payment are accurately stated and that ISI Detention is presently entitled to be paid such amounts.

30.    By way of an email dated June 28, 2018, Hoelscher represented that payments due to ISI Detention were "being held up by complications we are having with your receivership."

31.    Despite repeated demand, Clark Construction refused to make the Schedule Compression Payment and the Extension Payment, until finally, in August 2018, Clark Construction made a partial payment of $500,000. Clark Construction still holds $5,715,261 in funds due to ISI Detention (the "Turnover Balance"), in addition to all other sums due under the Contract.

BASIS FOR SEEKING EMERGENCY RELIEF

32.    Eighteen months have passed since ISI Detention commenced the Schedule Compression Work and Clark Construction's failure to turn over the funds earned by ISI Detention placed the company in serious financial distress and directly lead to the filing of the Receivership Proceeding.

33.    ISI Detention has worked diligently for months seeking payment from Clark Construction, including a meeting in Riverside, California on November 19, 2018 at which a tentative agreement was reached which would have allowed ISI Detention to continue operations. However, the parties were unable to reach a final agreement.

34.     Because of Clark Construction's refusal to turn over the Turnover Balance, ISI Detention lacks the ability to continue operations. Consequently, CIBC Bank USA ("CIBC"), which had advanced funds to allow ISI Detention to complete projects currently under contract, has indicated it may withdraw its consent to ISI Detention's use of CIBC's cash collateral.

35.     If CIBC withdraws its consent to the use of its cash collateral, the receivership estate will be greatly diminished. ISI Detention will be unable to complete its work on the Project, possibly resulting in liability for breaching the Contract and will be deprived of profits it stands to receive for the work called for under the Contract.

### SURETY'S CONTROL OF FUNDS

36.     Westchester Fire Insurance Company ("Chubb") issued payment and performance bonds on behalf of ISI Detention for the benefit of Clark Construction and Owner.

37.     Because Chubb stands to be liable for costs of completing the Project (and paying sub-contractors for work previously completed but unpaid), Chubb has, during ongoing discussions between the parties, demanded that any funds paid to ISI Detention be held in a Chubb-controlled account.

38.     In the event this Court orders Clark Construction to turn over the funds requested herein, ISI Detention does not object to all or a portion of such funds being paid into the Chubb-controlled account, for the benefit of ISI Detention.

### REQUEST FOR TURNOVER ORDER

39.     The allegations set forth above in the preceding paragraphs are hereby incorporated as if set out in full.

40.     The Turnover Balance constitutes Receivership Property.

41.     Receiver is authorized by the Receivership Order to recover assets constituting Receivership Property for the benefit of the receivership estate.

42.     The Receivership Order ordered all persons having possession, custody or control of assets of the Receivership Defendants to promptly surrender and deliver such assets to the Receiver.

43.     The Receivership Order also ordered any person then or in the future owing sums to a Receivership Defendant to pay such sums to the Receiver.

44.     Receiver has made demand upon Clark Construction to turn over the Turnover Balance, but Clark Construction has refused to turn over such funds to Receiver.

ALTERNATIVE REQUEST FOR DECLARATORY JUDGMENT

45.     The allegations set forth above in the preceding paragraphs are hereby incorporated as if set out in full.

46.     The Receiver maintains that by failing to pay ISI Detention the Turnover Balance and other sums that are due to it under the Contract, Clark Construction has materially breached the contract.

47.     Because Clark Construction has materially breached the contract, the Receiver maintains that ISI Detention is no longer bound to perform under the Contract and may cease work and remove its employees, materials and equipment from the Project.

48.     Clark Construction maintains that it has not committed a material breach of the Contract.

49.     Clark Construction maintains that were ISI Detention to cease work and remove its employees, materials and equipment from the Project, ISI Detention would be committing a material breach of the Contract and be liable for substantial damages for having done so.

50.     At the time this action was filed, ISI Detention continues to perform its duties under the Contract.

51.     In order to resolve this controversy, the Receiver requests that, pursuant to 28 U.S.C. § 2201, this Court declare the respective rights and duties of the parties in this matter and, in particular, that the court declare (1) that Clark Construction is in material breach of the Contract and (2) that ISI Detention, the Receiver, and any of their respective sureties, employees, directors, shareholders, agents and attorneys are discharged from any further obligation under the Contract, but not barred from seeking relief from Clark Construction, including but not limited to a claim for damages for any breach of the Contract by Clark Construction.

52.     A valid case or controversy exists sufficient for this court to declare the rights and remedies of the parties in that the assets of the receivership estate are being diminished as ISI Detention continues working on the Project without having been fully paid for past work and without assurance of being fully paid for future work.

53.     The Receiver requests a speedy hearing upon his request for declaratory judgment, as provided for by Rule 57 of the Federal Rules of Civil Procedure.

ARGUMENT

The Relief Requested is Necessary for the Preservation of the Receivership Estate

Construction of the East County Detention Center in Indio, California appears to have been suffering difficulties for some time. Construction was so off schedule that ISI Detention could not begin work there until May 2017, a full year later than planned. ISI Detention was almost immediately requested by Clark Construction to assist in making up some of the lost time by substantially accelerating its work on the Project. By June 2017, Clark Construction and ISI Detention had come to an agreement under which Clark Construction would pay ISI an

additional $2.9 million dollars in return for undertaking the Schedule Compression Work. Additional agreements were reached for extended general condition payments totaling $3.2 million to partially compensate ISI Detention for the many additional months it was required to maintain personnel and equipment on the site due to the substantial delays in Project construction.

The Schedule Compression Work was completed in October 2017. Now, more than a year later, all but $500,000 of the funds promised to, and fully earned by, ISI Detention remain unpaid. The consequences of such a large, unpaid receivable have been devastating and were largely responsible for bringing about the Receivership Proceeding. Clark Construction's continued refusal to turn over funds that have been fully earned by ISI Detention and about which no disagreement exists as to the amount due now threatens to force a total shut down of ISI Detention's operations. Such a shutdown will expose ISI Detention to possible liability for breach of contract damages and deprive the receivership estate of profits which can be earned if the Project is completed.

In order to protect the receivership estate, this Court should order Clark Construction to turn over the $5,715,261 it is withholding from ISI Detention. Were it to do so, ISI Detention would have the funds necessary to complete its work on the Project. The requested declaratory relief would no longer be necessary. If this Court declines to order turnover of the funds earned by ISI Detention, it should grant the requested declaratory judgment in order to minimize damage to the receivership estate caused by ISI Detention's inability to complete the project.

Summary Proceedings are Appropriate

Courts supervising equitable receiverships frequently employ summary proceedings to adjudicate claims related to the receivership. *See, SEC v. Sharp Capital, Inc.*, 315 F.3d 541, 545

(5th Cir. 2003); *SEC v. Mosburg*, 273 F.3d 657, 668 (6th Cir. 2001); *SEC v. American Capital Investments, Inc.*, 93 F.3d 1133, 1146-1147 (9th Cir. 1996). So long as persons against whom the claims are asserted have received notice of the proceedings and an opportunity to present evidence, such proceedings afford all required due process. Mossburg, 273 F.3d at 668, SEC v. Elliot, 953 F.2d 1560, 1567 (11th Cir. 1992). Utilizing a summary judgment type of procedure preserves judicial resources and receivership assets, provides all required due process protections, and accelerates resolution of claims. Furthermore, the Receiver was granted authority to apply by motion to this Court, with notice to all parties in interest, for such further or other authority as necessary to perform his duties.

## RELIEF REQUESTED

Receiver respectfully requests this Court order Clark Construction to immediately turnover the Turnover Balance in the amount of $5,715,261 to a Chubb-controlled account for the benefit of ISI Detention. In the alternative, Receiver requests this Court render declaratory judgment providing (1) that Clark Construction is in material breach of the Contract and (2) that ISI Detention, the Receiver and any of their respective sureties, employees, directors, shareholders, agents and attorneys are discharged from any further obligation under the Contract, but not barred from seeking damages for any breach of the Contract by Clark Construction. Receiver further requests that he be awarded his costs of suit, including reasonable attorney's fees and such other relief as is just and reasonable under the circumstances.

Dated: December 14, 2018.

Respectfully submitted,

CLARK HILL STRASBURGER

By: */s/ Mark G. Sessions*
    Mark G. Sessions
    State Bar No. 18039500
    mark.sessions@clarkhillstrasburger.com
    Andrew L. Kerr
    State Bar No. 11339500
    Andy.kerr@clarkhillstrasburger.com

    2301 Broadway
    San Antonio, TX 78215-1157
    Telephone:   (210) 250-6009
    Fax:        (210) 258-2728


LATHROP GAGE LLP

By:*/s/ Bryan E. Minier*
    Bryan E. Minier (ARDC No. 6275534)
    bminier@lathropgage.com
    *(Pro Hac Vice admission)*

    155 N. Wacker Dr., Suite 3000
    Chicago, Illinois 60601
    Telephone:   (312) 920-3300
    Fax:        (312) 920-3301

    *Counsel for Scott Eisenberg, not individually, but solely as court appointed receiver*

13

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 14th day of December, 2018, a true and correct copy of the foregoing document was delivered via email to the counsel for Clark Construction listed below:

William S. Hale
William.hale@pillsburylaw.com
John R. Heisse
John.heisse@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
Four Embardaero Center, 22nd Floor
San Francisco, CA 94111-5998

*Counsel for Clark Construction*

/s/ Mark G. Sessions
**MARK G. SESSIONS**