# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

CIBC BANK USA,

Plaintiff

v.

NO. SA-18-CV-00462-JKP

ISI SECURITY GROUP, INC., DETENTION CONTRACTING GROUP, LTD., ISI DETENTION CONTRACTING GROUP, INC., A TEXAS CORPORATION..; ISI DETENTION CONTRACTING GROUP, INC., A CALIFORNIA CORPORATION; ISI DETENTION CONTRACTING GROUP, INC., A NEW MEXICO CORPORATION; ISI DETENTION SYSTEMS, INC., ISI SYSTEMS, LTD., METROPLEX CONTROL SYSTEMS, INC., ISI CONTROLS, LTD., METROPLEX COMMERCIAL FIRE AND SECURITY ALARMS, INC., MCFSA, LTD., COM-TEC SECURITY, LLC, COM-TEC CALIFORNIA LIMITED PARTNERSHIP, ARGYLE SECURITY, INC., DARWIN KATAN,

Defendants

## ORDER

Before the Court are Scott Eisenberg's, as appointed Receiver of the Defendants, Emergency Motion for Turnover of Assets [Docket. No. 29], Motion to Expedite Hearing [Docket Nos. 30,31], and Motion to Modify Agreed Order Appointing Receiver [Docket No. 58]. Also before the Court is Budget Electrical Contractor's (BEC) Motion to Intervene [Docket No. 59,61].

After a hearing held November 8, 2019 on all pending motions, the Court concludes: (1) Receiver's Motion to Modify Agreed Order Appointing Receiver [58] is GRANTED in part; (2) Receiver's Emergency Motion for Turnover of Assets [29] is held in abeyance for ten (10) days from the date of this Order, at which time Receiver shall withdraw the motion or file an advisory regarding the status of the parties' discussions regarding resolution of the

dispute; (3) Receiver's Motions to Expedite Hearing [30,31] are DENIED as moot; and (4) BEC's Motion to Intervene [59,61] is GRANTED as unopposed.

## DISCUSSION

**Emergency Motion for Turnover of Assets**

At the hearing, Receiver notified the Court the parties were in discussions to resolve of the Emergency Motion for Turnover and would have an agreement drafted within a few days. Receiver represented to the Court he anticipates the motion will be withdrawn.

For this reason, Receiver's Emergency Motion for Turnover of Assets [29] is held in abeyance for ten (10) days from the date of this Order. On or before expiration of ten days from the date of this Order Receiver shall withdraw the motion. If the motion will not be withdrawn, Receiver shall file an advisory stating the status of the parties' discussions and anticipated resolution. Receiver shall also advise the Court regarding the impact of the parties' resolution of the Emergency Motion for Turnover on Cause No. 18-CV-1314 filed by Receiver as a precautionary measure and Clark Construction's Motion to Dismiss pending in that case. If the parties' resolution of the Emergency Motion for Turnover nullifies any anticipated necessity of pursuing this separate action, Receiver shall file a voluntary Motion to Dismiss this cause.

**Motion to Modify Agreed Order Appointing Receiver**

CIBC filed suit against ISI and other ISI-related companies (collectively "ISI Defendants") seeking recovery under loan and surety agreements. The ISI Defendants entered these loan agreements to support a contract entered with Clark Construction to build a detention facility in Indio, California. Shortly after CIBC filed suit, ISI Defendants and CIBC agreed to appointment of Scott Eisenberg as Receiver of ISI's businesses and assets. Judge Garcia so appointed Eisenberg in an Agreed Order Appointing Receiver on May 17, 2018. Important components of this Agreed Order are:

- Par 12: "The Receiver is authorized to take any and all actions necessary to the proper and lawful conduct of the receivership, and he is specifically authorized to take possession, custody and control of Defendants' business operations, assets, and property, of whatever nature (collectively, the "Assets and Operations), subject to existing liens and claims. The Assets and Operations of the Defendants are defined to include, without limitation, all real and personal property held in the name of the Defendants, all contract rights of the Defendants, all legal and equitable claims of Defendants, and all banking, brokerage and depository accounts of Defendants. The Receiver is authorized to perform all services and take all actions necessary or advisable to oversee, carry on, manage, care for, maintain, repair, insure, protect, and preserve the Assets and Operations, and to assess whether a sale of any or all of Defendants or their assets would maximize value, and following that assessment, implement an organized sale process either of any or all Defendants or of their assets pursuant to the terms of this Order or further order of the Court.

- Par. 27: "All litigation and/or proceedings naming Defendants as a party shall be stayed, as against the Defendants, until further order of this Court. No person may initiate, maintain, or in any way prosecute, in any court or other tribunal, any proceeding, suit, or action against Defendants without further order of this Court."

On May 22, 2019, Budget Electrical Contractor (BEC) filed suit in California state court against ISI, Westchester Ins. Co. and Traveler's Ins. Co. As a subcontractor, BEC seeks recovery of $2,471,417.41 from ISI for alleged damages related to the Indio project. BEC also seeks enforcement of payment bonds issued by Westchester and Traveler's.

Upon being informed of the stay mandated by the Agreed Order in this case, BEC agreed to stay its claims against ISI in the California state action, but did not agree to stay its suit against Westchester and Traveler's. The Receiver, then, filed the subject Motion to Modify the Agreed Order seeking to extend the reach of the stay of actions against ISI to the California state action asserted by BEC against Westchester and Traveler's.

In its motion, the Receiver requests this Court extend the stay of all actions filed against ISI entities issued through the Agreed Order to Appoint Receiver. Receiver asserts BEC's claims against Westchester and Traveler's in the California action will diminish ISI assets due to its required cooperation and, if successful, will require ISI to indemnify Westchester and Traveler's. Therefore, if the California action continues without ISI, it cannot defend itself, but could be required to deplete its assets.

Receiver represented to this Court at the hearing that the Indio construction project is near completion, and Receiver and Clark Construction have agreed to proceed through arbitration in California to resolve any remaining disputes. Westchester and Traveler's also agreed to be bound by this arbitration.

The Court recognizes BEC is not a party to the arbitration between Clark Construction and ISI; however, the arbitration could impact or satisfy BEC's claims against Westchester and Traveler's. For this reason, a short stay of BEC's California state-court suit against Westchester and Traveler's would provide ample time for completion of arbitration, and thereby, could protect ISI assets and by resolving all parties' claims against ISI related to the Indio detention facility construction.

Therefore, the Court GRANTS IN PART Receiver's Motion to Modify Agreed Order to Appoint Receiver. The action styled, *Budget Electrical Contractors, Inc. v. ISI Detention Contracting Group, Inc., et al.*, Case No. PSC 1903480, currently pending in the Superior Court of the State of California, County of Riverside, is hereby stayed and enjoined in its entirety until February 28, 2020. On or before January 31, 2020, Receiver shall file with this Court an advisory regarding the status of the arbitration proceedings.

IT is so ORDERED.

SIGNED this 13th day of November, 2019.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE